# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLISON SAVOIE,<br><br>      Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>      Defendant. | Case No. 1:20-cv-1698<br><br>Removed from the 14th Judicial District Court, Parish of Calcasieu, Louisiana |

## NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, Case No. 2020-3988. In support of this Notice of Removal, Prudential states the following:

### Timeliness and Background

1. On November 18, 2020, Plaintiff Allison Savoie ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, titled *Allison Savoie v. The Prudential Insurance Company of America*, Case No. 2020-3988. There are no other parties named in Plaintiff's complaint.

2. On December 9, 2020, Plaintiff served Prudential through the State of Louisiana Secretary of State, pursuant to La. R.S. § 13:3472. On December 10, 2020, the Secretary of State mailed a copy of the summons and complaint by certified mail to Prudential's registered agent, which received the summons and complaint on December 11, 2020.

3.      "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1).

4.      Because Prudential has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. See 28 U.S.C. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" in the state court action is attached hereto as Exhibit A.

6.      In the Complaint, Plaintiff alleges that she is seeking benefits under a Prudential-issued life insurance policy insuring her late husband, Robby Savoie. (Petition Part 2-3.) Plaintiff alleges the group life insurance at issue is provided through NEA Members Insurance Trust (the "plan") and is governed by ERISA. (Petition Parts 2, 11.) Plaintiff seeks payment of life insurance benefits under the plan. (Petition Parts 11, 15.)

7.      Plaintiff seeks to recover the life insurance benefits totaling $150,000, costs, penalties, and interest. (Petition Part 15, Prayer for Relief, Exhibit A.)

### This Case Is Removable Based on Federal Question Jurisdiction

8.      Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Unites States."

9.      The group life insurance coverage at issue in this lawsuit is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq*. (Petition Part 11.) The plan is sponsored by the National Education Association ("NEA"), which is an employee organization as defined in ERISA. (Petition Part 2, Exhibit B.) The benefits Plaintiff

67343289v.2

seeks under the plan are fully insured by Prudential pursuant to a group contract with the NEA Members Insurance Trust. (*Id.*)

10.    Plaintiff's lawsuit arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a federal statute. (*See* Petition Part 11.)

11.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.    The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

**The Requirements of Diversity Jurisdiction Are Also Met**

The Parties Are Diverse

13.    The Complaint alleges Plaintiff is currently a resident of Louisiana. (Petition Preamble)

14.    Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

15.    Prudential is incorporated under the laws of the State of New Jersey, and Prudential's principal place of business is in the State of New Jersey. Thus, Prudential is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

16.    These allegations regarding the citizenship of the parties are plausible and are sufficient to support removal based upon diversity of citizenship. *See Dart Cherokee Basin Operating Co., LLC v. Owen*s, 135 S. Ct. 547, 554 (2014). Because Plaintiff is a citizen of a

different state than Defendant, this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

## The Amount in Controversy Exceeds $75,000

17. Plaintiff seeks to recover $150,000 in life insurance benefits. (Petition Part 15, Prayer for Relief, Ex. A.)

18. Thus, on the face of the Complaint, the amount in controversy exceeds the $75,000 amount necessary for establishing diversity jurisdiction. This is sufficient to permit removal. *Owens*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

19. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(a), Prudential asserts that the amount in controversy exceeds the requisite $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a).

20. Based on the foregoing, this Court has diversity jurisdiction over this action. *See* 28 U.S.C. §§ 1332(a); (c).

21. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

## **Venue and Notice**

22. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 98(c), this District embraces the 14th Judicial District Court, Parish of Calcasieu, Louisiana, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

23. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the 14th Judicial

District Court, Parish of Calcasieu, Louisiana, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this notice is attached hereto at Exhibit B.

## Conclusion

24. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

25. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant requests that the above-described action pending against it be removed to this Court.  Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  December 29, 2020	Respectfully submitted,

LEBLANC FANTACI VILLIO,  LLC


By:  /s/ *Patricia S. LeBlanc*
Patricia S. LeBlanc (LA Bar 01798)
pleblanc@lfvlaw.us

LEBLANC FANTACI VILLIO LLC
3421 N. Causeway Blvd., Suite 201
Metairie, LA  70002
Telephone: (504) 828-1010
Facsimile: (504) 828-1079

Attorneys for Defendant
The Prudential Insurance Company of America

67343289v.2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December 2020, I have caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following, via U.S. First Class Mail:

Russell J. Stutes, Jr.
P. Jody Lavergne
Russell J. Stutes, III
STUTES & LAVERGNE, LLC
600 Broad Street
Lake Charles, LA 70601
Telephone: (337) 433-0022
Facsimile: (337) 433-0601
Email: rjs3@stuteslaw.com

*/s/ Patricia S. LeBlanc*
One of the Attorneys for Defendant
The Prudential Insurance Company of America